UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS R. GOVAN, | : |
| Petitioner | : |
| vs. | : CIVIL NO. 1:CV-13-2774 |
| SUPERINTENDENT MICHAEL WENEROWICZ, *et al.*, | : (Judge Caldwell) |
| Respondents | : |

*M E M O R A N D U M*

I. *Introduction*

The pro se petitioner, Curtis R. Govan, an inmate at the State Correctional Institution at Graterford, Pennsylvania, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Govan challenges his 1996 conviction in the Court of Common Pleas of Dauphin County, Pennsylvania, for first-degree murder.  He was also convicted of aggravated assault, two counts of robbery and three counts of conspiracy. He is serving a sentence of life, plus a term of 31 to 62 years to run concurrently with his life sentence.

He makes three claims in his habeas petition.  First, his trial counsel was ineffective for failing to raise a diminished capacity defense based on Govan's mental-health history.  This claim is based on "new evidence" from when Petitioner was committed to a mental-health facility as a juvenile.  It is also based on Petitioner's placements in several foster homes until he reached the age of 18. (Doc. 1, 2254 petition, ECF p. 5). Second, Petitioner's sentence of life without the possibility of parole violates the Eighth Amendment under *Miller v. Alabama*, ___ U.S. ___, ___, 132 S.Ct. 2455, 2460, 183

L.Ed.2d 407 (2012).[1]  This claim is based on "newly discovered" evidence that he suffered from trauma as a juvenile that led him to be diagnosed with deficiencies that impaired normal development in areas of the brain controlling risk avoidance.  (*Id.*, ECF p. 7).  Third, the state courts erred in determining that his fourth state-court post-conviction petition was untimely after deciding that *Miller*, *supra*, did not apply to his situation.  (Doc. 1, Pet.).

Along with the habeas petition, Govan filed a motion to stay these proceedings while he pursued state-court remedies challenging the denial of his most recent state-court post-conviction challenge to his conviction.  (Doc. 4, Mot. to Stay).  We ordered Respondents to address the motion to stay and the issue of the timeliness of the instant 2254 petition.  (Doc. 7, Order).  Respondents filed an answer seeking dismissal of the petition as untimely.  (Doc. 19, Answer).  Petitioner filed a reply brief arguing that a stay should be granted until the Third Circuit decides whether *Miller* is to be applied retroactively to cases on collateral review.  (Doc. 22, Reply).  Govan has also filed two motions to file an amended 2254 petition with supporting exhibits, all related to his claim that he had diminished capacity at the time he committed his crimes.

For the reasons set forth below, the court will deny Govan's motion to stay, and we will dismiss the petition as untimely filed.

---

[1] In *Miller*, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, ___ U.S. at ___, 132 S.Ct. at 2460.

II.     *Background*

On August 5, 1996, a jury convicted Petitioner of murder, conspiracy and related charges.  *See Commonwealth v. Govan*, Nos. CP-22-CR-0735-1996 and CP-22-CR-0905-1996.[2]  He was 23 years old at the time of his offenses.  (Doc. 2, superior court PCRA opinion, ECF p. 15). He was sentenced on August 27, 1996, to a mandatory term of life imprisonment with an additional 31 to 62 years to run concurrently.  (Doc. 1, Pet.).

Govan filed a timely direct appeal with the Superior Court of Pennsylvania, which affirmed the judgment of sentence on April 13, 1999.  *Commonwealth v. Govan*, 738 A.2d 1050 (Pa. Super. 1999)(Table, No. 00732 HBG 96)(unpublished memorandum).  The Pennsylvania Supreme Court denied Govan's Petition for Allocatur on July 29, 1999.  559 Pa. 701, 740 A.2d 230 (Pa. 1999)(Table, No. 473 M.D. Alloc. 1999).  Govan did not file a petition for writ of *certiorari* with the United States Supreme Court.  *See* Doc. 2, ECF p. 9, *Commonwealth v. Govan*, No. 280 MDA 2013 (Pa. Super. Oct. 10, 2013)(unpublished).

On June 22, 2000, Govan filed his first petition for collateral relief under the Pennsylvania Post Conviction Relief Act (PCRA).  42 Pa. Con. Stat. Ann. §§ 9541-9546.  The trial court dismissed the petition without a hearing on July 12, 2002.  The superior court denied Govan's appeal on September 26, 2003.  *See Commonwealth v. Govan*, 835 A.3d 831 (Pa. Super. Sept. 26, 2003)(Table, No. 1313 MDA 2002).  Govan's petition for allowance of appeal was denied by the Pennsylvania Supreme Court on March 16, 2004.  *See Commonwealth v. Govan*, 577 Pa. 710, 847 A.3d 1279 (Pa. Mar. 16, 2004)(Table, No. 752 MAL 2003).

---

[2] The docket sheet in Govan's criminal matter is available via the Pennsylvania Judiciary's Web Application Portal, http://ujsportal.pacourts.us/default.aspx.

Govan filed three additional PCRA petitions, all of which have been unsuccessful. (Doc. 2, ECF pp. 10 and 48). Two of those petitions are pertinent here, the second and fourth. As recited in the trial court's opinion (dealing with the fourth PCRA petition), dated January 3, 2013, Govan's second petition was filed on May 24, 2004. (Doc. 2, ECF p. 48). The trial court at first dismissed the petition as untimely, but after being reversed by the superior court, decided the petition was timely, considered it on the merits and denied it on February 7, 2007. The superior court affirmed that decision on November 16, 2007. (*Id.*).

Govan's fourth PCRA petition was filed on August 28, 2012, setting forth the ineffectiveness claim and the *Miller* claim that are the subject of the instant 2254 petition. After issuing an order pursuant to Pa. Rule Crim. P. 907 of its intention to dismiss the PCRA petition without a hearing, the trial court dismissed the petition on January 23, 2013. (*Id.*, ECF p. 10 and pp. 46-47).

On appeal to the superior court, Govan raised the following claims:

1. Is Appellant entitled to [PCRA] relief by having his life sentence vacated and a new sentence hearing ordered where the sentence was originally imposed in violation of the Eighth Amendment of the Constitution of the United States as held in *Miller v. Alabama*, 132 S. Ct. 2455 (2012)?

2. Was Appellant entitled to [PCRA] relief where he was deprived of effective assistance of counsel at trial, in violation of the Sixth and Fourteenth Amendments to the Constitution and the United States, Pennsylvania Rules [sic] of Criminal Procedure 904, and Article I, Section 9 of the Pennsylvania Constitution, where trial counsel failed to present a "diminished capacity" defense by introducing evidence concerning Appellant's mental health history and PCRA counsel during Appellant's first PCRA filing failed to raise this claim?

3. Did the PCRA [c]ourt [e]rr [i]n [d]ismissing the [t]he [i]nstant

-4-

>     PCRA [p]etition as [u]ntimely where it was filed within 60 days
>     of the United States Supreme Court's decision in *Miller* [ ]?

(*Id.*, ECF pp. 10-11).

The PCRA generally requires that any PCRA petition be filed within one year after the conviction becomes final. 42 Pa. Con. Stat. Ann. § 9545(b)(1). Since the conviction became final on October 27, 1999, and the petition was filed on August 28, 2012, the superior court denied the appeal on the basis that the petition was "patently untimely." (Doc. 2, ECF p. 13).

There are three exceptions to the PCRA statute of limitations, two of which the superior court discussed in its opinion. A defendant can file a PCRA petition beyond the one-year period if: (1) "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." *Id.*, § 9545(b)(1)(ii) and (iii). If either of these exceptions applies, a defendant can file a PCRA petition "within 60 days of the date the claim could have been presented." *Id.*, § 9545(b)(2).[3]

Petitioner invoked subsection (b)(1)(iii). The superior court decided that subsection (b)(1)(iii) could not save Petitioner's *Miller* claim because "*Miller* clearly applies only to those under 18 years of age who received mandatory life sentences without the

---

[3] The third exception applies when "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." Id., § 9545(b)(1)(i).

possibility of parole," and Govan "acknowledges that he was 23 years old at the time of his crimes." (Doc. 2, ECF p. 15). Since *Miller* did not apply to Govan, neither did subsection (b)(1)(iii)'s time-bar exception. (*Id.*).

The superior court also decided that Petitioner could not rely on subsection (b)(1)(ii) "based on newly discovered evidence involving his mental health history and his 'placements' in a number of facilities,'" (*id.*, ECF p. 15, n.3), because he had not alleged "when he first discovered these alleged records in order to show that he exercised due diligence." (*Id.*).

The superior court made its decision on October 10, 2013. (*Id.*, ECF p. 16). On November 20, 2013, Govan's request for reconsideration was denied. On March 5, 2014, Govan's Petition for Leave to File a Petition for Allowance of Appeal Nunc Pro Tunc with the Pennsylvania Supreme Court was denied. *Commonwealth v. Govan*, 4 MM 2014 (Pa. Mar. 5, 2014).

Under the prison mailbox rule, Govan filed the instant habeas corpus petition on November 4, 2013.

III.   *Discussion*

A.   *Law Relevant to the Timeliness of the 2254 Petition*

A 2254 petition is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). As pertinent here, the statute begins to "run from the latest of":

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .

-6-

>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A), (C), and (D).[4]

The language of subsection (d)(1)(A) applies to the right to seek discretionary review in state appellate courts and means that the judgment does not become final until the time period for seeking such review expires, even if review is not sought. *See Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000). It also applies to the right to seek certiorari review in the United States Supreme Court so that if review is sought in the state's highest court, the judgment does not become final until the ninety-day period for seeking certiorari review expires. *See Jenkins v. Superintendent of Laurel Highlands,* 705 F.3d 80, 84 (3d Cir. 2013)(citing *Gonzalez v. Thaler*, ___ U.S. ___, ___, 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012)).[5]

The limitations period is subject to statutory tolling. Statutory tolling occurs during the time "a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. §

---

[4] The other start date is "the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." *Id.*, § 2244(d)(1)(B).

[5] If a petitioner does seek certiorari review, "the judgment becomes final . . . when the [Supreme Court] affirms a conviction on the merits or denies a petition for certiorari." *Gonzalez,* ___ U.S. ___, ___, 132 S.Ct. at 653.

-7-

2244(d)(2); *Swartz, supra,* 204 F.3d at 419.  A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998).  Hence, a PCRA petition that is filed untimely is not "properly filed" and does not suspend the running of the limitations period.  *See Pace v. DiGuglielmo,* 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005).  Further, whether a state petition was untimely is a matter of state law that cannot be reconsidered by a federal habeas court.  *Satterfield v. Johnson,* 434 F.3d 185, 192 (3d Cir. 2006)("If a state court determines that a petition is untimely, that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits.")(internal quotations omitted).

        Statutory tolling applies to those periods when an application for discretionary review is pending in a state appellate court from the denial of postconviction relief.  *See Kindler v. Horn*, 542 F.3d 70, 77 n.5 (3d Cir. 2008)(noting that the petitioner's PCRA petition was pending at least through the date the Pennsylvania Supreme Court denied his petition for review), *rev'd on other grounds*, *Beard v. Kindler,* 558 U.S. 53, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009).  It also applies to the time period for seeking state-court appellate review even if such review is not sought.  *Jenkins*, *supra*, 705 F.3d at 85 n.4.  However, it does not apply to the time the petitioner has for seeking certiorari review from the United States Supreme Court, *id.* n.5, or the time period during which such an application is pending.  *Lawrence v. Florida*, 549 U.S. 327, 329, 127 S.Ct. 1079, 1081, 166 L.Ed.2d 924 (2007)(a state application for postconviction relief is not pending under section 2244(d)(2) "when the state courts have entered a final judgment in the matter but a

-8-

petition for certiorari has been filed" in the Supreme Court).

The limitations period is also subject to equitable tolling. *Jenkins v. Superintendent of Laurel Highlands,* 705 F.3d 80, 88-89 (3d Cir. 2013). For equitable tolling to apply, the petitioner must show two things: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010)(quoted case omitted). The determination is made on a case-by-case basis. *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013). Equitable tolling can occur in several circumstances. *See Jenkins*, 705 F.3d at 88-91; *Urcinoli v. Cathel*, 546 F.3d 269, 273 (3d Cir. 2008); *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir. 1999).

In deciding the timeliness of the petition, we will apply these principles separately to the two claims presented. *See Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004)(the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) on a section 2254 petition is applied on a claim-by-claim basis).[6]

B. *The Claim that Trial Counsel Was Ineffective For Not Presenting a Diminished Capacity* Defense Is Untimely

Both subsection (d)(1)(A) and (D) might apply to this claim. We begin with subsection (d)(1)(A), which starts the limitations period "from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under this subsection, Petitioner initially

---

[6] Petitioner's third claim, that the Pennsylvania Superior Court erroneously ruled that his fourth petition was untimely under the PCRA, is an issue of state law that is not cognizable in a federal habeas petition. *See Swarthout v. Cooke*, 562 U.S. 216, ___, 131 S.Ct. 859, 861, 178 L.Ed.2d 732 (2011)(state-law claims are not cognizable in habeas corpus).

had until October 26, 2000, to file a 2254 petition, calculated as follows. On his direct appeal, the Pennsylvania Supreme Court denied relief on July 29, 1999. Petitioner had ninety days from that date to seek certiorari review from the United States Supreme Court. The limitations period began to run when that time period expired on October 26, 1999, giving Petitioner a year, or until October 26, 2000, to file a 2254 petition.

However, since a properly filed state postconviction petition tolls the statute, the limitations period only ran until June 22, 2000, when Petitioner filed his timely first PCRA petition. At that point, Petitioner had 126 days left in the limitations period. The trial court denied Govan's PCRA petition on July 12, 2002. Govan's appeal to the superior court was denied on September 26, 2003, and then the Pennsylvania Supreme Court denied his petition for allowance of appeal on March 16, 2004. The limitations period began running again on that date.

It ran for 69 days until May 24, 2004, when Petitioner filed his second, timely PCRA petition with the trial court, again tolling the limitations period, and leaving him with 57 days left to file a 2254 petition. The trial court at first dismissed the petition as untimely, but after being reversed by the superior court, decided the petition was timely, considered it on the merits and denied it on February 7, 2007. The superior court affirmed that decision on November 16, 2007. (*Id.*).

This meant that the limitations period began running again on December 17, 2007, the expiration of the thirty-day period for filing a petition for allowance of appeal with the Pennsylvania Supreme Court. The deadline for filing a 2254 petition was thus February 12, 2008. Since Petitioner filed his federal petition on November 4, 2013, his ineffectiveness claim is time-barred if considered under subsection (d)(1)(A). We note that

Petitioner has not argued that the limitations period should be equitably tolled.

Petitioner fares no better under subsection (d)(1)(D), which starts the limitations period from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner does assert he has "new evidence" to support this claim, evidence that Petitioner was committed to a mental-health facility as a juvenile and was placed in several foster homes until he reached the age of 18. However, Petitioner does not allege when he discovered this evidence or how he could not have discovered this evidence earlier than he did through the exercise of due diligence. The ineffectiveness claims is thus untimely under this subsection as well.

### C. *The* Miller *Claim Is Untimely*

Under subsection (d)(1)(C), the limitations period begins to run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

We will assume that *Miller* meets the requirements of this subsection. *Miller* was decided on June 25, 2012, so Petitioner had until June 25, 2013, to file a 2254 petition asserting this claim. However, his 2254 petition was filed on November 4, 2013, making it untimely. We recognize that Petitioner filed his fourth PCRA petition raising the *Miller* claim on August 28, 2012, and the state-court petition was pending when Petitioner filed his 2254 petition. However, that PCRA petition could not have tolled the statute of limitations because it was dismissed as untimely, albeit the determination of untimeliness

-11-

being tied to the merits of the claim. As noted above, only properly filed state postconviction petitions toll the statute, and an untimely petition is not properly filed. *Pace, supra,* 544 U.S. at 417, 125 S.Ct. at 1814.

In any event, the claim lacks merit. As noted by the Pennsylvania Superior Court, Petitioner was 23 years old when he committed the murder, and *Miller* only applies to a defendant who was under 18 when he committed the offense. *Miller*, ___ U.S. at ___, 132 S.Ct. at 2460 ("mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'").

IV.   *Certificate of Appealability*

Based on the above, the court will issue an order denying Govan's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 as time-barred. The order will also deny a certificate of appealability based on the analysis in this memorandum. However, Govan is advised that he has the right for thirty (30) days to appeal our order denying his § 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that the Court's denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the appropriate court of appeals. *See* Fed. R. App. P. 22; 3d Cir. L.A.R. 22.1.

We will issue an appropriate order.

/s/ William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: September 11, 2014