# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CURTIS R. GOVAN,** | : | No. 1:13-CV-2774 |
| Petitioner, | : | (Judge Brann) |
| v. | : | |
| **SUPERINTENDENT MICHAEL WENEROWICZ,** *et al.*, | : | |
| Respondents. | : | |

# MEMORANDUM OPINION

## SEPTEMBER 24, 2018

## I.   PROCEDURAL BACKGROUND[1]

Petitioner, Curtis R. Govan, is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Previously, the Court dismissed Petitioner's habeas petition due to untimeliness.  Doc. 26.  The United States Court of Appeals for the Third Circuit denied Petitioner's request for a certificate of appealability.  Doc. 29.  Petitioner then filed a motion to alter or amend pursuant to Federal Rule of Civil Procedure 60(b), Doc. 30, which the Court denied for lack of jurisdiction.  Doc. 31.  Presently pending before this Court

---

[1]  On February 6, 2018, this matter was reassigned to the undersigned following the retirement of the Honorable William W. Caldwell.

is Petitioner's motion for reconsideration of that Order. Doc. 32. For the following reasons, the motion for reconsideration, Doc. 32, will be denied.

## II. STANDARD OF REVIEW

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry. Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citation omitted). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of

judgment." *Hill v. Tammac Corp.*, No. 1:05-CV-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, reconsideration of judgment is an extraordinary remedy, and such a motion should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

## III. DISCUSSION

Petitioner's habeas petition challenged his state judgment and convictions for first-degree murder, aggravated assault, two counts of robbery and three counts of conspiracy. Petitioner is serving a life sentence plus a concurrent term of 31 to 62 years. *Commonwealth v. Govan*, Nos. CP-22-CR-0735-1996 and CP-22-CR-0905-1996.[2] The Superior Court of Pennsylvania affirmed Petitioner's convictions. *Commonwealth v. Govan*, 738 A.3d 1050 (Pa. Super. 1999) (Table, No. 00732 HBG 96)(unpublished memorandum). On July 29, 1999, the Supreme Court of Pennsylvania denied Petitioner's petition for allocatur. *Commonwealth v. Govan*, 559 Pa. 701, 740 A.2d 230 (Pa. 1999)(Table, No. 473 M.D. Alloc. 1999). Petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court. Pursuant to 42 Pa. C.S.A. § 9545(b)(3), Petitioner's judgment of sentence became final on October 27, 1999. Doc. 2, p.13.

---

[2] The docket sheet in Petitioner's criminal matter is available via the Pennsylvania Judiciary's Web Application Portal, http://ujsportal.pacourts.us.

In June 2000, Petitioner filed a timely petition for post-conviction relief. The trial court dismissed the petition without a hearing, and the Pennsylvania Superior Court affirmed that decision. *Commonwealth v. Govan*, 835 A.3d 831 (Pa. Super. Sept. 26, 2003)(Table, No. 1313 MDA 2002). The Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal. *Commonwealth v. Govan*, 577 Pa. 710, 847 A.3d 1279 (Pa. March 16, 2004)(Table, No. 752 MAL 2003).

Petitioner filed his second post-conviction petition on May 24, 2004. Doc. 2, p. 48. The trial court originally denied the petition as untimely. However, the Superior Court reversed finding the petition timely. On February 7, 2007, the trial court denied the petition on its merits. The Superior Court then denied Petitioner's appeal on November 16, 2007. *Id*.

Petitioner filed a third post-conviction petition on July 15, 2008. *Id*. The trial court denied the petition on March 3, 2010. *Id*. Petitioner took no appeal. *Id*.

Petitioner's fourth post-conviction petition, filed on August 28, 2012, raised the same three issues he presented in his federal habeas petition.[3] *Compare* Doc. 2, pp. 10-11 and Doc. 1. The trial court denied the fourth petition, and the Superior Court denied his appeal on October 10, 2013. Doc. 2, pp. 9-16. Specifically, the Superior Court found *Miller v. Alabama*, 567 U.S. 460 (2012) inapplicable to Petitioner as he was twenty-three years old when he committed his crimes.[4] *Id.*, p. 15. The Superior Court also held that Petitioner's petition was untimely as he failed to demonstrate that newly discovered evidence of his mental health history

---

[3] On appeal, [Petitioner] raises three issues for review:

1. Is Appellant entitled to [PCRA] relief by having his life sentence vacated and a new sentence hearing ordered where the sentence was originally imposed in violation of the Eighth Amendment of the Constitution of the United States as held in *Miller v. Alabama*, 132 S. Ct. 2455 (2012)?

2. Was Appellant entitled to [PCRA] relief where he was deprived of effective assistance of counsel at trial, in violation of the Sixth and Fourteenth Amendments to the Constitution and the United States, Pennsylvania Rules [sic] of Criminal Procedure 904, and Article I, Section 9 of the Pennsylvania Constitution, where trial counsel failed to present a "diminished capacity" defense by introducing evidence concerning Appellant's mental health history and PCRA counsel during Appellant's first PCRA filing failed to raise this claim?

3. Did the PCRA [c]ourt [e]rr [i]n [d]ismissing the [t]he [i]nstant PCRA [p]etition as [u]ntimely where it was filed within 60 days of the United States Supreme Court's decision in *Miller* [ ]?

Doc. 2, pp. 10-11.

[4] In *Miller*, the United States Supreme Court held that mandatory sentences of life without the possibility of parole are unconstitutional for juvenile offenders. *Miller*, 567 U.S. at 479.

and placement in various mental health facilities, which he presented for the first time on appeal, could not have been ascertained earlier by the exercise of due diligence. *Id*., p. 7. On March 5, 2014, the Pennsylvania Supreme Court denied Petitioner's Petition for Leave to File a Petition for Allowance of Appeal *Nunc Pro Tunc*. *Commonwealth of Pennsylvania v. Govan*, 4 MM 2014 (Table No., Mar. 5, 2014).

Petitioner filed his federal habeas petition pursuant to 28 U.S.C. § 2254 on November 4, 2013. Doc. 1. Petitioner raised three claims in his habeas petition. First, he claimed that his trial counsel was ineffective for failing to raise a diminished capacity defense based on Petitioner's mental-health history. Petitioner submits "new evidence" that he was committed to a mental-health facility as a juvenile and lived in foster homes until he reached the age of 18. Second, Petitioner argues his sentence of life without the possibility of parole violates the Eighth Amendment under *Miller v. Alabama*, 567 U.S. 460 (2012). Petitioner suggests *Miller, supra*, is applicable to him because "newly discovered" evidence reveals he suffered trauma as a juvenile that impaired the normal development in areas of his brain controlling risk avoidance. Third, Petitioner argues that the state courts erred in determining that his fourth state-court post-conviction petition was untimely after deciding that *Miller*, *supra*, did not apply to his situation.

On September 11, 2014, the Honorable William W. Caldwell held that Petitioner's petition was untimely filed without exception. Doc. 25. The Third Circuit Court denied Petitioner's request for a certificate of appealability on May 11, 2015. Doc. 29. The Third Circuit "also conclude[d] that [Petitioner] failed to demonstrate that he was entitled to equitable tolling" of the one-year limitations period which expired in February 2008. *Id.*, p. 2.

Petitioner filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 60(b) on October 17, 2017. Doc. 30. In the motion, Petitioner noted the filing of his fifth post-conviction petition on July 15, 2015 with the trial court was based on his June 3, 2015 acquisition of "new evidence supporting his claim of mental defect and incompetence." *Id.*, p. 4. The fifth petition was denied as untimely on December 30, 2015. *Id.* In its decision, the trial court noted, "Petitioner had not been diligent in his efforts to secure the new evidence." *Id.* The Superior Court denied Petitioner's appeal. *Commonwealth v. Govan*, No. 148 MDA 2015 (Pa. Super. Ct. Oct. 13, 2016). Further, Petitioner's application for reargument was denied on December 22, 2016, and his request for allocatur was denied. *Commonwealth v. Govan*, No. 83 MAL 2017 (Pa. July 6, 2017.)

Also in his Rule 60(b) motion, Petitioner specifically noted that he filed the motion with this Court "within one year of the Pennsylvania Supreme Court finally

- 7 -

resolving the properly filed petition on July 6, 2017." Doc. 30, p. 5. He argued that the newly discovered evidence overcomes any time bar to a federal habeas petition. Based on this assumption, Petitioner contended "that the dismissal of the habeas petition on September 11, 2014 is in conflict with the principles of equity and the concept of liberal construction of the Federal Rules." *Id*., p. 10. He advanced that "for the purposes of the AEDPA, the PCRA petition filed on July 15, 2015 was 'properly filed' requiring statutory tolling. Certainly, the new mental health evidence obtained by the Petitioner was 'newly' discovered." *Id*., pp. 12-13. On October 20, 2017, the Court denied Petitioner's motion to alter or amend as an attempt to file a second or successive habeas petition without leave of the Third Circuit Court. Doc. 31.

Presently before the Court is Petitioner's motion for reconsideration of the Court's October 20, 2017 Order dismissing his motion to alter or amend pursuant to Rule 60(b). Doc. 32. In the instant motion, Petitioner states that the Court misconstrued his Rule 60(b) motion as seeking review of the denial of his fifth post-conviction petition. *Id*., p. 2. He clarifies that his motion sought "to have the previously dismissed habeas corpus petition adjudicated on its merits." *Id*. Petitioner does not dispute that his original petition was untimely. Rather, he argues that his motion to alter or amend was "filed within one year of the Pennsylvania Supreme Court finally resolving his [fifth and] properly filed PCRA

petition on July 6, 2017." Doc. 30, p. 5. The Petitioner contends that the Court should have considered the "newly discovered evidence" presented in conjunction with the motion.

Applying the standard used when a party seeks reconsideration, I conclude that Petitioner has not demonstrated any of the applicable grounds for reconsideration. Specifically, the Court finds no intervening change in controlling law and no error of law or fact. Contrary to Petitioner's contention, the Court applied the correct standard with respect its finding that Petitioner's original petition was time-barred without exception.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), provides that a prisoner may file a petition seeking a writ of habeas corpus within one year from the date on which the petitioner's state conviction becomes final. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). However, an untimely PCRA petition is not "properly filed" within the meaning of the AEDPA, and thus will not toll the AEDPA statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 412-17 (2005); *see also Merritt v. Blaine*, 326 F.3d 157, 165-68 (3d Cir. 2003) (state court's determination that PCRA petition was untimely and not properly filed binds the federal court).

A new AEDPA limitations period will begin to run when new factual evidence that forms the basis for a habeas claim becomes discoverable to a

petitioner. *See* 28 U.S.C. § 2244(d)(1)(D); *see also McQuiggin v. Perkins*, 569 U.S. 383, 388-89 (2013).

Here, Petitioner asks this Court to consider as "newly discovered" evidence mental health records that served as the basis for his fifth post-conviction petition. Although Petitioner presents his mental health records as "new evidence" not considered by the Court when dismissing his Petition, he does not allege that this evidence was previously unknown or unavailable to him. *See Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011) ("[N]ew evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available."). To be clear, several of the "new" documents Petitioner submits for consideration were previously submitted in support of his motion to amend his original habeas petition, and the Court considered them in disposition of the habeas petition. *See* Docs. 23-1 and 25.

To the extent "new" documents are presented, the information contained within them is not new to the Court. For example, Petitioner's December 27, 1985 commitment to the Eastern State School and Hospital, Doc. 30-1, p.12, was noted in a previously submitted February 7, 1986 Psychological Evaluation, Doc. 23-1, p. 4. Additionally, Petitioner presented the same collection of mental health documents to the state court for consideration in conjunction with his fourth and fifth post-conviction petitions. On both occasions, the state court considered the

"new" evidence and found that his petitions were untimely and that he had not satisfied the time-bar exception based on newly discovered evidence. *See* Doc. 2; *see also* 42 Pa. C.S. § 9545(b)(1)(ii) (allowing an exception to the time-bar where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence [ ]"). Similarly, this Court, as well as the Third Circuit, held that Petitioner "failed to demonstrate that he was entitled to equitable tolling" of the limitations period. *See* Docs. 25 and 29.

Regardless of how Petitioner words the instant motion, he is still asking the Court to consider the merits of his otherwise untimely habeas petition based on "newly discovered evidence" presented in an improperly filed state post-conviction relief petition. While Petitioner may disagree with the findings and outcome of his federal habeas proceeding, the Court finds no basis to reconsider the earlier decisions. Simply stated, Petitioner restated arguments with respect to the presentation of his mental health documents do not constitute new evidence that was unavailable when the Court denied his habeas petition.

## III. CONCLUSION

In sum, there is no foundation at all to support Petitioner's motion for reconsideration of the Court's October 20, 2017 Order denying his motion to alter

or amend pursuant to Rule 60(b). Accordingly, the motion for reconsideration will be denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge